# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CARLOS DANIEL

## DEFENDANTS
OSHKOSH AEROTECH CORPORATION f/k/a JBT AeroTech Corporation

**(b)** County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq. The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103   215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans w/ Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. & Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 150,000 IN EXCESS
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 03/13/2026
SIGNATURE OF ATTORNEY OF RECORD: /s/BRIAN C. FARRELL, ESQUIRE   I.D. No.: #319145   Attorney For Plaintiff

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 8500 Essington Ave., Building E-2, Philadelphia, PA 19153

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ■ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A.  *Federal Question Cases:*

1. ☐  Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐  FELA
3. ☐  Jones Act-Personal Injury
4. ☐  Antitrust
5. ☐  Wage and Hour Class Action/Collective Action
6. ☐  Patent
7. ☐  Copyright/Trademark
8. [xx]  Employment
9. ☐  Labor-Management Relations
10. ☐  Civil Rights
11. ☐  Habeas Corpus
12. ☐  Securities Cases
13. ☐  Social Security Review Cases
14. ☐  Qui Tam Cases
15. ☐  Cases Seeking Systemic Relief  ***see certification below***
16. ☐  All Other Federal Question Cases. *(Please specify)*:_____

B.  *Diversity Jurisdiction Cases:*

1. ☐  Insurance Contract and Other Contracts
2. ☐  Airplane Personal Injury
3. ☐  Assault, Defamation
4. ☐  Marine Personal Injury
5. ☐  Motor Vehicle Personal Injury
6. ☐  Other Personal Injury (*Please specify*):_____
7. ☐  Products Liability
8. ☐  All Other Diversity Cases:  *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ■ **does not** have implications beyond the parties before the court and ☐ **does** / ■ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[xx]  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CARLOS DANIEL | : | CIVIL ACTION NO: |
| | : | |
| v. | : | |
| OSHKOSH AEROTECH CORP. | : | |
| f/k/a JBT AeroTech Corporation | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (☑)


| 03/13/2026 | /s/ Brian C. Farrell, Esq. | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | bfarrell@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS DANIEL,** | : | |
| Plaintiff, | : | Civ. No. |
| | : | |
| v. | : | |
| | : | |
| **OSHKOSH AEROTECH** | : | |
| **CORPORATION** | : | |
| (f/k/a JBT AeroTech Corporation), | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |
| | : | |

# COMPLAINT

Plaintiff Carlos Daniel ("Plaintiff"), through his attorneys, files this Complaint against Defendant Oshkosh AeroTech Corporation f/k/a JBT AeroTech Corporation ("Defendant") and avers as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

3. All conditions precedent to the filing of this action have been satisfied. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission on or about November 26, 2024. Plaintiff received Notice of Right to Sue from the EEOC on or about December 16, 2025.

## PARTIES

4. Plaintiff Carlos Daniel is an adult individual and resident of Pennsylvania. At all times relevant to this Complaint, Plaintiff was employed by Defendant at its Philadelphia, Pennsylvania facility.

5. Defendant Oshkosh AeroTech Corporation f/k/a JBT AeroTech Corporation is a corporation organized and existing under the laws of a state other than Pennsylvania, with its corporate headquarters located at 70 West Madison Street, Suite 4400, Chicago, Illinois 60602, and a facility located at 8500 Essington Avenue, Building E-2, Philadelphia, Pennsylvania 19153.

6. Defendant is an Oshkosh Corporation company and a leading provider of aviation ground support products, gate equipment, and airport services.

7. At all times relevant to this Complaint, Defendant was an employer within the meaning of the ADA, FMLA, and PHRA.

## FACTUAL ALLEGATIONS

8. Defendant hired Plaintiff on or about November 7, 2022 as a Shift Supervisor at its Philadelphia, Pennsylvania facility. Plaintiff's direct supervisor was David Gardner ('Gardner'), Site Manager.

9. Throughout his employment, Plaintiff maintained an excellent job performance record. At no point before he was terminated did Defendant raise any concerns with Plaintiff regarding his job performance or attendance.

10. In late February 2024, Plaintiff began experiencing severe medical symptoms, including heart palpitations, dizziness, difficulty breathing, a lack of focus, and intense pressure in his head.

11. On March 2, 2024, Plaintiff experienced an acute onset of symptoms and was transported by ambulance to the Thomas Jefferson University Hospital Emergency Room. Plaintiff was not discharged until approximately 3:00 or 4:00 a.m. on March 3, 2024.

12. Upon his discharge, Plaintiff notified Gardner via text message that he had been in the emergency room and would be unable to report to work on March 3, 2024.

13. On March 5, 2024, Plaintiff experienced the same symptoms while at work. Plaintiff notified Gardner, Bill Davis ("Davis"), PBB Manager, Bill Wurz ("Wurz"), BHS Manager, and Michael Keith ("Keith"), Administrative Manager, of his real-time medical emergency and his need to leave work to seek treatment. Plaintiff's supervisors permitted him to do so. Plaintiff went to the VA Emergency Room.

14. Between late February and early June 2024, Plaintiff attended approximately twenty medical appointments, including multiple emergency room visits at the VA, Thomas Jefferson University Hospital, Jeanes Hospital, and Abington Hospital, as well as appointments with cardiology, neurology, an ENT specialist, behavioral health, and his primary care physician. Plaintiff also underwent an MRI, an echocardiogram, and an EEG during this period.

15. Plaintiff's symptoms constitute disabilities under the ADA and PHRA, in that they substantially limited one or more of Plaintiff's major life activities, including thinking, sleeping, breathing, communicating, concentrating, and caring for himself.

16. On April 25, 2024, Plaintiff's psychiatrist formally diagnosed him with Generalized Anxiety Disorder, Panic Disorder, and Depression. Plaintiff was prescribed anti-anxiety medication and melatonin.

17. At all times relevant to this Complaint, Defendant was aware of Plaintiff's disabilities, his ongoing medical treatment, and the limitations caused by his conditions.

3

18. On or about March 13, 2024, Gardner checked in with Plaintiff regarding his absences and Plaintiff provided Gardner with the full details of his medical conditions. Gardner suggested that Plaintiff apply for leave under the Family and Medical Leave Act in case he needed to take additional time off from work.

19. Within days of Gardner's suggestion, Plaintiff submitted an application for intermittent FMLA leave to Reliance Matrix ("RM"), the third-party company that administered FMLA leave on Defendant's behalf. Plaintiff's application constituted both a request for FMLA leave and a request for reasonable accommodation for his disabilities under the ADA and PHRA.

20. About a week after Plaintiff submitted his application, Anthony Szyszkowski ("Szyszkowski"), a Claims Examiner at RM, contacted Plaintiff and confirmed receipt of the application. Szyszkowski advised Plaintiff that he could begin using intermittent FMLA leave while his application was pending and that, once approved, his leave benefits would be applied retroactively.

21. In reliance on Szyszkowski's authorization, Plaintiff used intermittent leave as needed for his medical conditions. On each occasion that Plaintiff took leave, he notified Gardner, Wurz, and Davis via text message as soon as he was medically able to do so. Gardner approved each absence and Plaintiff used his PTO to cover the time missed.

22. Between March 2, 2024 and June 3, 2024, Plaintiff took approximately nine days of leave related to his disabilities.

23. On some occasions, Plaintiff was unable to provide advance notice of his absences because he was incapacitated by his symptoms, including difficulty breathing and debilitating medication side effects, or because he was receiving emergency medical treatment.

4

In each such instance, Plaintiff communicated with Gardner as soon as he was physically able to do so.

24. On or about April 15, 2024, RM denied Plaintiff's FMLA application because his psychiatrist had not timely submitted the required medical certification. RM notified Plaintiff of this denial on April 17, 2024. That same week, Plaintiff contacted Szyszkowski and advised him that his psychiatrist would be submitting the certification. Szyszkowski confirmed that Plaintiff's application would be reconsidered and that FMLA protection would be backdated retroactively.

25. On April 26, 2024, RM instructed Plaintiff to obtain updated documentation from his psychiatrist so that his FMLA application could be reconsidered.

26. Shortly after receiving his diagnoses, Plaintiff disclosed his conditions to Gardner and informed Gardner that he was taking anti-anxiety medication that could cause impairment. Gardner expressed no concern regarding Plaintiff's use of leave.

27. In May 2024, Gardner told Plaintiff that he did not have an issue with Plaintiff taking time off from work, but asked him to communicate better regarding the timing of his absences.

28. On May 7, 2024, Plaintiff submitted his psychiatrist's completed medical certification to RM.

29. Shortly after May 7, 2024, Szyszkowski contacted Plaintiff and informed him that RM had approved his FMLA leave for the period of April 25, 2024 through July 25, 2024. In any event, Szyszkowski advised that Plaintiff's absences on March 3, March 10, and March 20, 2024 would remain unapproved under FMLA unless his psychiatrist revised the certification to cover the earlier period. Szyszkowski further informed Plaintiff that the medical certification contained a deficiency that his psychiatrist needed to correct.

30. Plaintiff immediately contacted his psychiatrist and requested that the certification be corrected and resubmitted to RM's specifications. Plaintiff communicated this to Szyszkowski and advised that the corrected certification was forthcoming.

31. On June 2, 2024, a Sunday, Plaintiff was admitted to the emergency department at Jeanes Hospital due to an acute onset of his disability symptoms, including difficulty breathing and severe head pain. Plaintiff was scheduled to work the following day.

32. Plaintiff was incapacitated during his hospitalization and was unable to notify Gardner of his inability to attend his scheduled shift on June 3, 2024 until approximately 2:00 a.m. on that date. Upon his discharge, Plaintiff texted Gardner to tell him that he had been in the emergency room and that he would return to work on Monday.

33. On June 3, 2024, Defendant terminated Plaintiff's employment. Gardner informed Plaintiff that he was being terminated for: (a) his attendance pattern; (b) failure to communicate properly regarding his absences; and (c) failure to complete his FMLA documentation. Gardner further told Plaintiff that, according to Defendant's Human Resources department, it did not appear that Plaintiff had been in contact with RM since May 7, 2024.

34. Defendant's stated reason that Plaintiff had not been in contact with RM since May 7, 2024 was false. As explained above, Szyszkowski contacted Plaintiff after May 7, 2024, and Plaintiff communicated with Szyszkowski regarding the certification deficiency and the steps he was taking to cure it.

35. Before he was terminated on June 3, 2024, Defendant had never disciplined Plaintiff, issued any written warnings, or otherwise notified Plaintiff that his attendance was considered a performance issue. This was the first time Plaintiff learned that his disability-related absences were considered grounds for termination.

36. Defendant terminated Plaintiff the same day he was unable to report to work due to an emergency room visit caused by his disabilities. The temporal proximity between Plaintiff's most recent use of disability-related leave and his termination is evidence of discriminatory and retaliatory intent.

37. Defendant's stated reasons for Plaintiff's termination are pretextual.

## COUNT I
### Violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*
### (Disability Discrimination, Retaliation, and Failure to Accommodate)

38. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

39. At all times relevant to this Complaint, Plaintiff was a qualified individual within the meaning of the ADA. Plaintiff was able to perform the essential functions of his position as Shift Supervisor, with or without reasonable accommodation, as evidenced by his excellent job performance throughout his tenure with Defendant.

40. At all times relevant to this Complaint, Plaintiff was an individual with a 'disability' within the meaning of the ADA. Plaintiff suffered from Generalized Anxiety Disorder, Panic Disorder, Depression, and related cardiac and neurological symptoms that substantially limited one or more of his major life activities, including thinking, sleeping, breathing, communicating, concentrating, and caring for himself.

41. In addition or in the alternative, Plaintiff had a 'record of' disability within the meaning of the ADA based on his history of treatment for the foregoing conditions.

42. In addition or in the alternative, Defendant 'regarded' Plaintiff as having a disability under the ADA. Defendant was aware of Plaintiff's symptoms, emergency room visits,

7

ongoing medical treatment, psychiatric diagnoses, and medication, and subjected Plaintiff to adverse employment action because of his actual or perceived physical and mental impairments.

43. Defendant discriminated against Plaintiff on the basis of his disabilities by terminating his employment because of his disabilities and disability-related absences.

44. Defendant retaliated against Plaintiff by terminating his employment because he requested reasonable accommodations for his disabilities, including intermittent FMLA leave and flexibility in the call-off procedure due to the incapacitating nature of his symptoms. Plaintiff's requests for accommodation constituted protected activity under the ADA.

45. Defendant failed to provide Plaintiff with reasonable accommodations for his disabilities.

46. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

47. Defendant's willful violation of the ADA entitles Plaintiff to punitive damages.

## COUNT II
**Violations of the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.***
**(Disability Discrimination, Retaliation, and Failure to Accommodate)**

48. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

49. At all times relevant to this Complaint, Plaintiff was a person with a 'handicap or disability' within the meaning of the PHRA. Plaintiff's Generalized Anxiety Disorder, Panic Disorder, Depression, and related cardiac and neurological symptoms constitute disabilities that substantially limit one or more of his major life activities.

50. Defendant discriminated against Plaintiff on the basis of his disabilities by terminating his employment because of his disabilities and disability-related absences.

51. Defendant retaliated against Plaintiff by terminating his employment because he requested reasonable accommodations for his disabilities, including intermittent FMLA leave and flexibility in the call-off procedure due to the incapacitating nature of his symptoms.

52. Defendant failed to provide Plaintiff with reasonable accommodations for his known disabilities.

53. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

## COUNT III
### Violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*
### (Interference and Retaliation)

54. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

55. At all times relevant to this Complaint, Plaintiff was an eligible employee within the meaning of the FMLA. Plaintiff was employed by Defendant for more than twelve months and had worked at least 1,250 hours during the twelve-month period preceding his request for leave.

56. At all times relevant to this Complaint, Defendant was an employer within the meaning of the FMLA.

57. Plaintiff suffered from serious health conditions under the FMLA, including Generalized Anxiety Disorder, Panic Disorder, Depression, and related cardiac and neurological symptoms that required continuing treatment by healthcare providers and that involved periodic episodes of incapacity.

58. Defendant interfered with Plaintiff's exercise of his rights under the FMLA.

59. Defendant retaliated against Plaintiff for exercising and attempting to exercise his rights under the FMLA.

60. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, lost employment benefits, and other compensatory damages.

61. Defendant's willful violation of the FMLA entitles Plaintiff to liquidated damages.

## **RELIEF**

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that this Court grant him the following relief by:

(a) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(b) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(c) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(d) awarding punitive damages to Plaintiff;

(e) awarding liquidated damages to Plaintiff;

(f) awarding Plaintiff any other damages that are appropriate under the ADA, FMLA,

and PHRA;

(g)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(h)     granting any other relief that this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

                                         **THE GOLD LAW FIRM, P.C.**

                                         By: /s/ Brian C. Farrell
                                              Brian C. Farrell, Esquire
                                              1835 Market Street, Suite 515
                                              Philadelphia, PA 19103
                                              (215) 569-1999
                                              bfarrell@discrimlaw.net
                                              Attorney for Plaintiff Carlos Daniel

Date: March 13, 2026